IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
BRANCH BANKING AND TRUST    )
COMPANY,                    )
                            )
    Plaintiff,              )
                            )         CIVIL ACTION NO.
    v.                      )          2:12cv1093-MHT
                            )              (WO)
E&D PROPERTIES, L.L.C.,     )
RODNEY A. DECKER, and       )
DAVID L. EARNEST,           )
                            )
    Defendants.             )
```

ORDER

The allegations of the complaint in this case are insufficient to invoke this court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship). To invoke original jurisdiction based on diversity, the complaint must distinctly and affirmatively allege each party's citizenship. See McGovern v. American Airlines, Inc., 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam). The allegations must show that the citizenship of each plaintiff is different from that of each defendant. See 28 U.S.C. § 1332; see also 2 James Wm. Moore, et al.,

Moore's Federal Practice § 8.03[5][b] at 8-16 (3d ed. 2006).

The complaint here is insufficient because it does not indicate the citizenship of a party that is a 'limited liability company': defendant E&D Properties, L.L.C. "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). The complaint must therefore allege "the citizenships of all the members of the limited liability company." Id. (And if the entity consists of several entities, the complaint must reflect the citizenship, or citizenships, of each and every entity based on the nature of that entity.)

Also, 28 U.S.C. § 1332(c) provides that a corporation shall be deemed a citizen, first, of all States by which it has been incorporated and, second, of the State where it has its principal place of business. To invoke

2

---

jurisdiction based on diversity in a case in which a corporation is a party, it is thus necessary to allege distinctly and affirmatively all the States by which the corporation has been incorporated <u>and</u> the State in which the corporation has its principal place of business. <u>American Motorists Ins. Co. v. American Employers' Ins. Co.</u>, 600 F.2d 15, 16 and n.1 (5th Cir. 1979) (per curiam).  The plaintiff's complaint fails to allege sufficiently the citizenship of  plaintiff Branch Banking and Trust Company.

                          \*\*\*

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff has until January 24, 2013, to amend the complaint to allege § 1332 jurisdiction sufficiently, <u>see</u> 28 U.S.C. § 1653; otherwise, this cause shall be dismissed without prejudice.

DONE, this the 16th day of January, 2013.

                        /s/ Myron H. Thompson  
                        UNITED STATES DISTRICT JUDGE